Matter of Shapiro v City of New York (2021 NY Slip Op 00043)





Matter of Shapiro v City of New York


2021 NY Slip Op 00043


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 100768/19 Appeal No. 12787 Case No. 2020-00878 

[*1]In the Matter of Lawrence Shapiro, Petitioner,
v
City of New York, et al., Respondents.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (D. Alan Rosinus, Jr., of counsel), for respondents.



Determination of respondent New York City Office of Administrative Hearings (OATH), dated January 24, 2019, after a hearing, sustaining a summons issued by respondent New York City Department of Buildings (DOB) on the ground that petitioner violated Rules of New York City Department of Buildings (1 RCNY) § 3319-01(g)(2)(i)(A) by failing to include a manhole in crane site plans submitted to DOB, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804[g] by order of Supreme Court, New York County [John J. Kelly, J.], entered September 3, 2019), dismissed, without costs.
The proceeding was improperly transferred to this Court, as the issue is not whether there is substantial evidence to support respondents' determination (CPLR 7803[4]) but whether respondents' interpretation and application of the subject rule is arbitrary and capricious (CPLR 7803[3]) (see Matter of Rosenkrantz v McMickens, 131 AD2d 389 [1st Dept 1987]). Nevertheless, this Court will determine the issue (see id.; CPLR 7804[g]).
The rule requires that a site plan for a crane show "[e]levations and sections detailing all pertinent ground and subsurface elements, . . . , including, as applicable: . . . [m]anholes" (1 RCNY 3319.01[g][2][i][A][8]). Petitioner's site plan did not show a manhole that was present at the site. Respondents rationally interpreted the words "including, as applicable," followed by a list of items that includes manholes, as indicating that every item on the list is "pertinent" and, if actually present at the site, "applicable." Contrary to petitioner's contention, and unlike his own interpretation, respondents' interpretation gives effect to every word in the rule without rendering any word or clause superfluous (see Matter of Mestecky v City of New York, 30 NY3d 239, 243 [2017]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021